UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY - 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REBECCA A. BRUNOTTE,

PLAINTIFF,

v.

DAVID L. BIBB,
Acting Administrator,
General Services Administration,

DEFENDANT.

Civil Action 08-00587 (HHK)

## PLAINTIFF'S RENEWED MOTION TO FILE COMPLAINT *NUNC PRO TUNC*

Plaintiff Rebecca A. Brunotte, by and through undersigned counsel, respectfully moves, pursuant to Fed.R.Civ.P. 6(b)(1)(B), that her Complaint in the above-captioned matter be treated as filed *nunc pro tunc* on March 28, 2008, and in support whereof states:

1. Pursuant to Fed.R.Civ.P. 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time [...] on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b) is the rule used by this Court in adjudicating motions to file *nunc pro tunc*. *Cf., e.g., Government Relations Inc. v. Howe,* Civil Action No. 05-1081 (CKK), 2007 WL 201264 (January 24, 2007) (Slip. Op.).

2. "As for 'excusable neglect,' the standard typically deployed comes from *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* where the Court [...] held that this 'equitable' inquiry should rest on 'the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was with the reasonable control of the movant, and

1

whether the movant acted in good faith." *Yesudian ex rel. United States v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001) (internal citations omitted); *accord Smith v. District of Columbia*, 430 F.3d 450, 456, 456 fn.5 (D.C. Cir. 2005).

3. The Court should find 'excusable neglect', as the length of Plaintiff's delay in this matter was a short few days. On March 28, 2008, an agent of undersigned counsel filed Plaintiff's Complaint in the above-captioned matter, signed by Joseph V. Kaplan (D.C. Bar Number 347344). See Exhibit 1 (copy of March 28, 2008 Complaint). On April 4, 2008, Mr. Kaplan received an Order from Chief Judge Thomas F. Hogan, dated April 1, 2008, informing him that the Court could not accept the aforementioned Complaint because Mr. Kaplan was no longer in good standing with the Bar of this Court. *See* Exhibit 2 (Affidavit of Joseph V. Kaplan). After receiving the Court's Order on April 4, 2008, Plaintiff re-filed her Complaint that same day, signed by counsel for Plaintiff Edward H. Passman, accompanied by Plaintiff's original Motion to File Complaint *Nunc Pro Tunc*.[1] The delay between Plaintiff's two filings was a mere 7 days in total. The D.C. Circuit has instructed that a delay of "just a few days" is a short delay consistent with 'excusable neglect. *See Yesudian*, 270 F.3d at 456 fn.5. Because this delay was so brief and because it occurred at the very beginning of proceedings, Plaintiff believes that this delay will effectively have no impact on judicial proceedings in this matter.

4. The Court should find 'excusable neglect', as Mr. Kaplan was unaware of problems with his Bar admission status when Plaintiff's Complaint was initially filed on March 28, 2008. On March 28, 2008, Joseph V. Kaplan was unaware that he was not a member in

---

[1] By Order of April 10, 2008, the Court denied Plaintiff's original Motion to File Complaint *Nunc Pro Tunc* without prejudice under LCvR 7(a) due to omission of a statement of points of law and authority.

good standing of the Bar of this Court. *See* Exhibit 2. Mr. Kaplan was originally admitted to practice before this Court in August 1981, and was unaware of any issues in his membership renewal status after that date. *See id.* Mr. Kaplan has since paid his renewal fee to the Clerk and requested restoration of his admission restoration to good standing. *See* Exhibit 3 (Request for Renewal of Joseph V. Kaplan, with personal information redacted). Other courts have held that filing delays caused by temporary problems in the admission status of counsel which are promptly resolved constitute grounds for finding 'excusable neglect' under Rule 6(b). *See Dwonzyk v. Baltimore County,* 328 F.Supp.2d 572, 5576-77 (D.Md.2004).

5. The Court should find 'excusable neglect', as Plaintiff's reason for not instantaneously re-filing her Complaint was due to Mr. Kaplan being away from his office for practical purposes as part of a weeks-long arbitration hearing which ran from March 24, 2008 to April 11, 2008. Plaintiff's counsel acted to re-file Plaintiff's Complaint promptly after the Order was directly received by Mr. Kaplan.

6. The Court should find 'excusable neglect', as Mr. Kaplan was relying in part on actions by the Clerk in assuming that his membership was in good order as of March 28, 2008. Mr. Kaplan believed that he was a member in good standing, relying on representation on recent actions by the Clerk in other matters pending before this Court. *See* Exhibit 2. Specifically, Mr. Kaplan has continued to serve as co-counsel in the matter of *Bremer v. Department of Commerce,* Civil Action No. 1:03CV01338 (JR), in which the Clerk has accepted numerous filings from Mr. Kaplan without comment or apparent concern. *See id.* Further, Mr. Kaplan does not recall any instance where the Clerk sent him notice of any arrears on any necessary renewal payment. *See id.* Other courts have held that

3

mistaken reliance on actions by the Clerk of the Court is grounds for finding 'excusable neglect'. *Cf. Combustion Engineering, Inc. v. Miller Hydro Group*, 739 F.Supp. 666, 668-69 (D.Me. 1990).

7. As to date Defendant has not entered the appearance of counsel in this matter, Plaintiff was unable to confer with Defendant to ascertain Defendant's position on this Motion prior to its filing.

WHEREFORE, for the reasons stated above—which Plaintiff believes to constitute good cause—the Court should find "excusable neglect," and accordingly treat Plaintiff's Complaint in this matter as filed *nunc pro tunc* on March 28, 2008 pursuant to Fed.R.Civ.P. 6(b)(1)(B). A proposed Order is attached.

Respectfully Submitted,

May 2, 2008

Edward H. Passman
D.C. Bar No. 101840
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101
Attorney for the Plaintiff

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA A. BRUNOTTE,<br><br>PLAINTIFF,<br><br>v.<br><br>DAVID L. BIBB,<br>Acting Administrator,<br>General Services Administration,<br><br>DEFENDANT. | Civil Action 08-00587 (HHK) |

## ORDER

Upon review of Plaintiff's Renewed Motion to File Complaint *Nunc Pro Tunc* and any opposition thereto, it is this day hereby **ORDERED** that Plaintiff's Motion is hereby **GRANTED**. This Court **FINDS** that the delay in filing Plaintiff's Complaint in this matter from March 28, 2008 to April 4, 2008 was the product of excusable neglect. Accordingly, pursuant to Fed.R.Civ.P. 6(b)(1)(B), it is **ORDERED** that Plaintiff's Complaint in the above-captioned matter shall for all purposes be treated as filed *nunc pro tunc* to March 28, 2008.
**SO ORDERED.**

_____  _____
Date                                                  Hon. Henry H. Kennedy, Jr.
                                                              United States District Judge