UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rebecca A. Brunotte | ) | |
| | ) | |
| PLAINTIFF | ) | Case No. 08-587 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. General Services Administration | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## ANSWER

Now comes the Defendant, David Bibb, Acting Administrator of the U.S. General Services Administration (GAO), by and through Counsel and hereby answers the Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has not complied with the applicable statute of limitations with respect to Plaintiff's First Cause of Action.

### Third Defense

Answering specifically the numbered paragraphs of Plaintiff's Complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1) Defendant denies that Lurita Alexis Doan is the administrator of the GSA, David Bibb is the current Acting Administrator of the GSA. To the extent that the remaining allegations in this paragraph express plaintiff's contentions and conclusions of law, they do not require a response from the defendant. To the extent a response is required, deny.

## PARTIES, JURISDICTION, AND VENUE

2) Admit.

3) Deny. The Acting Administrator is David Bibb. Admit that the GSA is an agency of the United States Government.

4) Admit only that GSA employed the Plaintiff. Deny the remaining allegations contained in paragraph 4 because Plaintiff's duty address was 10304 Eaton Place, Fairfax, Virginia 22030, and she resigned from GSA on November 25, 2006.

5) Admit.

6) Deny. This court has jurisdiction pursuant to 5 U.S.C. § 552a(g)(1), not 28 U.S.C. § 1332.

7) Deny. Venue is proper based on 5 U.S.C. § 552a(g)(5).

## STATEMENT OF FACTS

8) Admit.

9) Admit only that the Plaintiff received a Quality Step Increase effective January 11, 2004, and denies the remaining allegations.

10) Defendant admits that effective September 18, 2005, Plaintiff went on a detail that was not to exceed January 10, 2006 (120) days, and denies the remaining allegations.

11) Admit.

12) Admit.

13) Admit.

14) Admit.

15) Admit, except to deny that the report included "information regarding the criminal investigation surrounding the travel expense reimbursement."

16) Admit.

17) Defendant admits that Plaintiff filed a formal complaint by letter dated January 25, 2006, in which she alleged that "GSA engaged in an ongoing and continuous pattern and practice of discrimination and perpetuation of a hostile work environment on the basis of sex (female) and in reprisal for prior EEO activity." The complainant was subsequently amended on February 22, 2006, to include three additional instances of harassment, and was further amended on May 1, 2006, to include two additional instances of harassment. Deny the remaining allegations contained in paragraph 17.

18) Admit that in a letter dated February 2, 2006, GSA informed Plaintiff that the following issue was accepted for investigation: "whether you were subjected to a continuous pattern of harassment (non-sexual) that created a hostile work environment. You cited instances of harassment that go back as far as July 1, 2004, with the most recent instance of the harassment, for which you sought counseling, being your annual performance review on November 2, 2005." Deny any and all remaining allegations contained in paragraph 18.

19) Deny. Casey Coleman did not share the contents of the EEO counselor's report with John Geist, Gary Drugley, Cecelia Brown, or her husband, Steve Bolster.

20) Deny. Mr. Drugley did have a business reason to know the allegations that concerned him in the Plaintiff's EEO complaint as he was a witness with direct knowledge, Ms. Coleman's

executive specialist, and the EEO Report's Privacy Act System of Records Notice provides for his access under the purpose and routine uses "e", "g", and "i", EEOC/GOVT-1. 49 FR 49354.

21) Deny.  Mr. Geist did have a business reason to know the allegations that concerned him in the Plaintiff's EEO complaint as he was a witness with direct knowledge, assumed Ms. Coleman's position during her absence, and the EEO Report's Privacy Act System of Records Notice provides for his access under the purpose and routine uses "e", "g", and "i", EEOC/GOVT-1. 49 FR 49354.

22) Deny.  Ms. Brown did have a business reason to know the allegations in the Plaintiff's EEO complaint as she was Ms. Coleman's assistant and even helped prepare sensitive and protected information, and the EEO Report's Privacy Act System of Records Notice provides for her access under the purpose and routine uses "e", "g", and "i", EEOC/GOVT-1. 49 FR 49354.

23) Deny that Mr. Bolster received any Privacy Act protected information from Ms. Coleman.

24) Deny.  Ms. Coleman did have a business reason to know the information in the Plaintiff's EEO complaint as she was a witness with direct knowledge, the supervisor of the complainant, and the EEO Report's Privacy Act System of Records Notice provides for her access under the purpose and routine uses "e", "g", and "i", EEOC/GOVT-1. 49 FR 49354.

25) Defendant admits only that at some point in time Plaintiff applied for a position with the U.S. Government Printing Office (GPO). Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraph 25.  To the extent an answer is required, deny.

26) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent an answer is required, deny.

4

27) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

28) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

29) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

30) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

31) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

32) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

33) Admit. On October 12, 2006, Casey Coleman issued a proposal to remove the Plaintiff for falsification of a government voucher, falsification of travel comp time credit reports, and improper use of GSA's centrally billed account.

34) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent an answer is required, deny.

35) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

36) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent an answer is required, deny.

37) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent an answer is required, deny.

38) Defendant admits that a Report of Investigation was completed.  Defendant lacks sufficient

knowledge or information to admit or deny when Plaintiff received it.  To the extent an answer is

required, deny.

39) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this

paragraph.  To the extent an answer is required, deny.

40) Defendant admits only that at approximately this time Defendant and Plaintiff engaged in

settlement discussions to settle her proposed removal and her pending EEO complaint.

41) Defendant admits only that pursuant to the settlement agreement between Defendant and

Plaintiff, it was Plaintiff's responsibility to provide prospective employers with Ms. Sesker's

name.  Defendant denies the remaining allegations contained in paragraph 41.

42) Admit.

43) Admit.

44) Deny.

45) Defendant admits only that a telephone call was placed from Mr. Kerry Mannion (GSA-

OIG) to Mr. Nathan Brown (GPO-OIG) on November 20, 2006; and denies the remaining

allegations contained in paragraph 45.

46) Deny.

47) Defendant denies the allegations contained in paragraph 47 to the extent that the facsimile

sent by Special Agent Mannion consisted of a letter containing the OIG investigative report, but

otherwise admits the allegations in paragraph 47.  Special Agent Mannion's facsimile consisted

of the following documents: Cover Sheet, Investigative Summary, two Memoranda of Activity

with an attachment, Transmittal Memorandum to Casey Coleman, Summons in a Criminal Case,

Criminal Information, and Affidavit in Support of Criminal Information.

48) Defendant admits only that Special Agent Brown (GPO-OIG) informed Special Agent Mannion (GSA-OIG) that he disclosed the contents of Mr. Mannion's communication to his supervisor, and denies the remaining allegations contained in paragraph 48.

49) Admit.  The Plaintiff's authorization was not required by the Privacy Act and, specifically, the System of Records Notice GSA/ADM-24. 72 FR 74294.

50) Defendant denies the allegations in paragraph 50.  The Investigative Summary details that the criminal charges were dismissed in the U.S. District Court for the Eastern District of Virginia without prejudice upon an agreement for the Plaintiff to enter into a Pretrial Diversion Agreement.  The two Memoranda of Activity that were part of the facsimile transmission also make reference to the Pretrial Diversion agreement.

51) Defendant admits that Plaintiff resigned from GSA effective November 25, 2006, which was a term of the settlement agreement.  Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegation in this paragraph.  To the extent an answer is required, deny.

52) Admit.

53) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent an answer is required, deny.

54) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph.  To the extent an answer is required, deny.

55) Defendant lacks sufficient knowledge or information to admit or deny the allegation in the paragraph.  Ms. Barber did tell Ms. Sesker in a conversation on November 30, 2006, that GPO would not allow Plaintiff to work there.

56) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

57) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent an answer is required, deny.

58) Defendant admits that in an e-mail message from Ms. Harvell-Trusty to Donald Washington of the Office of the Chief Human Capital Officer, Office of Information Management, Consolidated Processing Center, dated November 30, 2006, she requested a form SF-75 information for Plaintiff. Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegation in this paragraph. To the extent an answer is required, deny.

59) Defendant admits that the SF-75 contained a performance rating of a Level 2 and not a Level 3. Defendant lacks sufficient knowledge and information to admit or deny that it was Ms. Barber who noticed this and that she did so on or about November 30, 2006.

60) Defendant admits that in Question 55 the option "Don't Know" was marked. This is the standard response for this question when the Defendant completes a SF-75. Defendant lacks sufficient knowledge or information to admit or deny that it was Ms. Barber who noticed this and that she did so on or about November 30, 2006.

61) Admit only that Ms. Sesker sent a copy of the Plaintiff's corrected performance appraisal, signed by the Plaintiff on or about November 29, 2006, that contained no comments and a rating of 3 to GPO on or about November 30, 2006, and denies the remaining allegations contained in paragraph 61.

62) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

63) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph. To the extent an answer is required, deny.

64) Defendant admits only that pursuant to paragraph 1 of the settlement agreement between itself and Plaintiff, Defendant agreed to rescind Plaintiff's proposed removal action dated October 12, 2006; that Plaintiff had a clean record, and the agreement became effective and enforceable seven calendar days after Plaintiff executed the agreement. Defendant denies the remainder of the allegations in this paragraph.

65) Defendant lacks sufficient knowledge or information to admit or deny that the SF-75 was in the Plaintiff's Official Personnel Folder (OPF). Defendant admits only that on the SF-75 that GSA completed and sent to GPO on November 30, 2006, GSA left Box 54 blank. This is the standard response for this question when the Defendant completes a SF-75.

66) Defendant admits that on the SF-75 that GSA completed and sent to GPO on November 30, 2006, GSA placed an "X" in the "Don't Know" box in Box 55. This is the standard response for this question when the Defendant completes a SF-75.

67) Defendant admits that on the SF-75 that GSA completed and sent to GPO on November 30, 2006, GSA did place a "30" in Box 59-A and did not indicate what "30" meant. This section addresses security clearance investigations, and there was no current pending security clearance investigation for the Plaintiff by GSA.

68) Defendant admits only that, pursuant to the settlement agreement, Defendant agreed to rescind Plaintiff's removal action and indicate that Plaintiff had a clean record while employed at GSA, the remaining allegations are denied.

69) Defendant admits that pursuant to paragraph 2 of the settlement agreement between itself and Plaintiff, Defendant agreed to raise Plaintiff's Associate Performance Plan and Appraisal System

performance appraisal for the period ending September 30, 2005, from a level 2 to a level 3 with

no comments by November 25, 2006. On November 20, 2006, Mr. Martin Wagner, former

Deputy Commissioner, Federal Acquisition Service, issued a revised performance appraisal for

Plaintiff reflecting a rating level of 3 with no comments pursuant to the settlement agreement.

The Plaintiff signed the appraisal on or about November 29, 2006.  Defendant is without

sufficient information to admit or deny the remainder of the allegations in this paragraph.

70) Defendant lacks sufficient knowledge or information to admit or deny that the SF-75 was in

the Plaintiff's OPF.  On the SF-75 GSA completed and sent to GPO on November 30, 2006,

defendant admits to listing a "2" for the period ending "10/01/05."  The corrected appraisal was

not signed by the Plaintiff in Washington, DC, until on or about November 29, 2006.

71) Defendant admits that it should have indicated a rating level 3 for the period ending

September 30, 2005.

72) Defendant reaffirms and reincorporates its responses to paragraphs 1 through 72 of the

complaint as if fully set forth herein in response to paragraph 72.

73) Deny.

74) Defendant lacks sufficient knowledge or information to admit or deny the allegation in this

paragraph.  According to the provisions of the Privacy Act and the purpose and routine uses

listed in the System of Records Notice EEOC/GOVT-1 that governs EEO Counselor Reports, the

Plaintiff's consent is not required for certain individuals to access the information in the report.

75) Admit only that Ms. Coleman did not request the Plaintiff's consent to disclose the EEO

Counselor's Report to Mr. Geist, Mr. Drugley, Ms. Brown, or Mr. Bolster.  Deny that Ms.

Coleman was legally obligated to obtain such consent.

76) Admit that Plaintiff did not consent to Ms. Coleman disclosing the EEO Counselor's Report. Deny that the Plaintiff's consent was needed pursuant to the purpose and routine uses listed in EEOC/GOVT-1.

77) Admit and aver that the Privacy Act continues that disclosure is proper without the individual's consent if one of the twelve exceptions is satisfied. 5 U.S.C. § 552a(b).

78) Deny.

79) Deny.

80) Deny.

81) Deny.

82) Deny.

83) Deny.

84) Defendant reaffirms and reincorporates its responses to paragraphs 1 through 84 of the complaint as if fully set forth herein in response to paragraph 84.

85) Admit.

86) Deny.

87) Deny.

88) Defendant admits sentences one and two. Defendant denies the third and last sentence of the paragraph and avers that the "Don't Know" response was the standard response Defendant used when completing a SF-75.

89) Defendant admits sentence one. Defendant denies the allegation in the last sentence of the paragraph.

90) The Defendant denies the allegation that the documents sent are maintained solely for the use of GSA officials, but admits the remaining allegations contained in paragraph 90.

91) Admit and aver that the Privacy Act also states that disclosure is permitted without the individual's consent if one of the twelve exceptions is satisfied. 5 U.S.C. § 552a(b).

92) Deny.

93) Admit.

94) Admit.

95) Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

96) Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph.  To the extent that a response is required, deny.

97) Deny.

98) Defendant denies that it "intentionally disclosed information that held Plaintiff in a negative light in derogation of her EEO settlement agreement."  Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph.

99) Deny.

100) Defendant reaffirms and reincorporates its responses to paragraphs 1 through 99 of the complaint as if fully set forth herein in response to paragraph 100.

101) Admit.

102) Admit that the Plaintiff's OPF was to be expunged of the proposed removal action dated October 12, 2006, and that it indicate that the Plaintiff had a clean record while employed at GSA.  Deny all remaining allegations in paragraph 102.

103) Admit that the Plaintiff's OPF was to be expunged of the proposed removal action dated October 12, 2006, and that it indicate that the Plaintiff had a clean record while employed at GSA.  Deny all remaining allegations in paragraph 103.

104) Deny.  Question 59-A on the SF-75 addresses security clearance investigations and is not relevant to the Plaintiff's settlement agreement.

105) Deny.

106) Deny.

107) Deny.

108)  Deny.

109) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent that a response is required, deny.

110) Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent that a response is required, deny.

111) Admit.

112) Deny.

113) Deny.

114) Deny.

115) Deny.

The balance of Plaintiff's complaint contains paragraphs, which consist of the Plaintiff's Prayer for Relief and do not require a response.  To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied.  Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, the Defendant having fully answered requests that Plaintiff's complaint be dismissed, that costs be assessed against Plaintiff, and for any other relief deemed just and proper.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney



_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney



_____/s/_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4808
Washington, D.C. 20530
(202) 305-1334

14