IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REBECCA A. BRUNOTTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-0587 (HHK) |
| ) | |
| **LURITA A. DOAN,** ) | |
| Administrator, ) | |
| **General Services Administration,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT 16.3 REPORT AND BRIEF STATEMENT OF THE CASE**

This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

**BRIEF STATEMENT OF THE CASE**

Plaintiff, Rebecca A. Brunotte, asserts claims against the Defendant for violations of the Privacy Act, 5 U.S.C. §552a, *et seq*. Defendant denies any such allegation.

**COMPLIANCE WITH LOCAL RULE 16.3 (c)**

The text of the rule describing those matters appears in italics, followed by the Parties' comments.

(1)     *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties do not believe that this case will be resolved through dispositive motions prior to the close of discovery. Each party will file a Motion for Summary Judgment, sixty (60) days after the conclusion of discovery. In doing so, Defendant does not waive any defenses that it might otherwise have. The motions will be filed contemporaneously.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties concur that no other parties shall be joined or that the pleadings need to be amended.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties agree that this case should be assigned to a magistrate judge for discovery disputes and ADR purposes only. For all other purposes, the parties believe that this case should not be assigned to a magistrate judge.

(4) *Whether there is a realistic possibility of settling the case.*

The parties are unable to determine whether there is a realistic probability of settlement at this point.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.[1]*

The parties are not adverse to ADR as an option. Defendant would prefer post-discovery mediation.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

The parties will file their cross-motions for summary judgment, thirty days after the end of discovery.

---

[1]Subsections (i) through (v) are not repeated herein.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

The parties agree to make disclosures within 21 days of the scheduling conference.

(8) *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

(a) The parties suggest 180 days for discovery and agree that the presumptive limit of 10 should apply to the number of depositions.

Plaintiff proposes that the number of interrogatories be increased to 35.

Defendant proposes that no more than 25 interrogatories, requests for the production of documents and/or requests for admissions be propounded by each party.

(B) The Plaintiff anticipates the need to discover electronically stored information (ESI) from both the Defendant and the correspondent agency, the U.S. Government Printing Office. In the main, the ESI sought will consist of emails and other correspondences. The Plaintiff proposes that such ESI be produced in a format showing all metadata, and be provided by the Defendant on content searchable CD format.

The parties agree to further discuss the electronic format in which documents are to be produced and, if necessary, supplement the 16.3 statement accordingly. To the extent that electronic documents are identified and there is a large number to produce, which at this juncture is hard to predict, the parties will enter into an agreement with respect to the assertion of privilege and the format in which it will be provided.

Defendants state that any e-mails that they may have are in hard copy form or are archived

3

by individual users in Lotus format.

(9)  *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

The Plaintiff anticipates the need for expert economics testimony concerning loss of back and future pay and benefits, and possibly expert mental health testimony on the impact on Plaintiff's emotional health. Plaintiff's expert reports become due no later than 120 days after discovery commences. Defendant's expert reports become due no later than 150 days after discovery closes.

(10) *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties do not believe that this section is applicable.

(11) *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

The parties are not requesting bifurcation.

(12) *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery. At that time, the Court may set a Pretrial Conference.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the trial date should be set at the pretrial conference.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| JOSEPH V. KAPLAN, ESQ. | JEFFREY A. TAYLOR, D.C. BAR # 498610 |
| D.C. BAR # 347344 | United States Attorney |
| PASSMAN & KAPLAN, P.C. | |
| 1090 Vermont Avenue, N.W., Suite 500 | /s/ |
| Washington, D.C. 20005 | |
| | RUDOLPH CONTRERAS, |
| Tel: (202) 789-0100, ext. 105 | D.C. BAR # 434122 |
| Fax: (202) 789-0101 | Assistant United States Attorney |

                                                                       /s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334